DOUCET, Judge.
MOTION TO DISMISS
The plaintiff-appellee, Morgan Products, Inc., moves to dismiss the suspensive ap *782 peal of the defendant-appellant, Raymond C. Davis, on the grounds that the appeal was not timely perfected.
The trial court rendered a default judgment against the defendant on September 12, 1984. The Clerk of Court mailed a notice of the judgment to the defendant on September 14, 1984 and the Sheriff personally served the defendant with notice of the judgment on September 18,1984. On October 25, 1984, the defendant filed a motion for a suspensive appeal and furnished a suspensive appeal bond.
According to Louisiana Code of Civil Procedure Article 2123, the defendant had to perfect the suspensive appeal within thirty days of the expiration of the delay for applying for a new trial, as provided by LSA-C.C.P. Art. 1974. Louisiana Code of Civil Procedure Article 1974 provides in pertinent part:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays ...
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commenses to run on the day after ... the sheriff has served the notice of judgment as required by Article 1913.
The defendant was entitled to notice under Louisiana Code of Civil Procedure Article 1913 as the defendant did not receive personal service of the citation. The sheriff made domiciliary service on the defendant by serving Miss. Davis, the defendant’s daughter at defendant’s domicile. Louisiana Code of Civil Procedure Article 1913 provides in pertinent'part:
Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
In accordance with Louisiana Code of Civil Procedure Article 1913, the sheriff personally served the defendant with notice of the default judgment on September 18, 1984. According to Louisiana Code of Civil Procedure Article 1974, the delays for applying for a new trial began on September 19, 1984 and ended on September 27, 1984. Louisiana Code of Civil Procedure Article 1974. The delays for applying for a sus-pensive appeal began on September 28, 1984, and ended on October 30,1984. Louisiana Code of Civil Procedure Article 2123. Therefore, the defendant’s filing for a sus-pensive appeal and furnishing a suspensive appeal bond on October 25, 1984 was timely-
For the foregoing reasons, the plaintiff-appellee’s motion to dismiss the appeal is denied.
MOTION DENIED.